IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRIAN SANDERS, | § | |
| | § | |
| Defendant Below, | § | No. 449, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2207008267 (N) |
| | § | |
| Appellee. | § | |

Submitted: November 20, 2024
Decided:   December 19, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>**ORDER**</u>

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    On October 28, 2024, the Court received Brian Sanders' notice of appeal from a Superior Court order, dated September 16, 2024, denying his motion for postconviction relief under Superior Court Criminal Rule 61.  Sanders pleaded guilty to possession of a firearm during the commission of a felony in November 2023.  Under Supreme Court Rule 6(a)(iv), a timely notice of appeal from the September 16, 2024 order would have been filed by October 16, 2024.

(2)    The Senior Court Clerk issued a notice directing Sanders to show cause why this appeal should not be dismissed as untimely filed.  In his response to the

notice to show cause, Sanders stated that he was unable to complete his notice of appeal at the prison law library until October 14, 2024. He further stated that he placed the completed notice of appeal in the prison mail on October 14, 2024, but it was returned to him without reason on October 24, 2024. In response, the State has provided a prison mail log showing that Sanders submitted items to the prison for mailing to this Court on October 24, 2204 and October 25, 2024.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) The record does not reflect that Sanders' failure to file a timely notice of appeal from the September 16, 2024 order is attributable to court-related personnel. Because the untimeliness of the appeal is not attributable to court-related personnel, this appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Carr*, 554 A.2d at 779.
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice